```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                           JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL ACTION NO. 3:05CR144TSL-JCS
                                 CIVIL ACTION NO. 3:06CV368TSL-JCS
ISAIAS LOPEZ-JAIMES

<u>ORDER</u>

This matter is before the court on the motion of defendant Isaias Lopez-Jaimes for relief pursuant to 28 U.S.C. § 2255. The government has responded by filing a motion to dismiss the § 2255 motion, and the court, having considered the parties' submissions, including testimony received at the March 9, 2007 evidentiary hearing, concludes that defendant's motion is not well taken and therefore due to be denied.

As set forth in the court's February 6, 2007 order in this case, on September 27, 2005, the grand jury indicted defendant Isaias Lopez-Jaimes for a violation of 8 U.S.C. § 1326(a)(2) and (b)(2), illegal reentry following deportation of an illegal alien. A month later on September 30, 2005, Lopez-Jaimes, represented by Federal Public Defender (FPD) George Lucas, appeared before the magistrate judge and entered a "not guilty" plea. Thereafter, on December 1, 2005, Lopez-Jaimes and Lucas appeared before the court, at which time, Lopez-Jaimes changed his plea to "guilty."[1]

---

[1] The guilty plea was not pursuant to a written plea agreement.

On March 2, 2006, the court sentenced Lopez-Jaimes to a forty-one-month term of imprisonment to be followed by a three-year term of supervised release. Judgment was entered on March 10, 2006 and the record reflects that no appeal was taken.

By his § 2255 motion, Lopez-Jaimes urged that his conviction should be vacated for a number of reasons. In its February 6, 2007 order, the court rejected the majority of defendant's claims, concluding that his arguments were belied by the record. However, as Lopez-Jaimes maintained that he specifically directed Lucas to file an appeal and that Lucas failed to do so, a charge which Lucas denied by affidavit, the court concluded that an evidentiary hearing on this issue was required. United States v. Hughes, 635 F. 2d 449, 451 (5th Cir. 1981) (contested issues of fact may not be decided on affidavit alone unless affidavits are supported evidence in the record).

Pursuant to the February 6, 2007 order, the court held an evidentiary hearing on March 9, 2007. At the hearing, Lopez-Jaimes, represented by court-appointed counsel, testified that, on the day of sentencing, he, without aid of an interpreter, told Kathy Nester, the FPD who actually stood with him at sentencing, to tell Lucas to file an appeal. FPD Nester appeared at the hearing and specifically denied that Lopez-Jaimes instructed her to inform Lucas to file an appeal on his behalf.

2

Having had an opportunity to observe the witnesses at the hearing, the court concludes without reservation that Lopez-Jaimes suffers from a selective memory and that FPD Nester's testimony is to be credited.  Therefore, as Lucas did not disregard Lopez-Jaimes' specific instruction to file an appeal, defendant clearly is not entitled to relief on this ground.  See Rodriquez v. United States, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969) (lawyer who disregards specific instruction from defendant to file a notice of appeal acts professionally unreasonable).  Moreover, having found in its previous order that Lopez-Jaimes' grounds for relief were belied by the record, save his claim related to Lucas' failure to file a direct appeal, and having now concluded that the he did not instruct Lucas to file a direct appeal, the court concludes that defendant's motion is due to be denied.

Accordingly, it is ordered that defendant's §2255 motion is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 22nd day of March, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE